UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

In re

ERIC JAMES LOVELL

Case No. 17-14380-JDW

Chapter: 7

Debtor

RESPONSE OF SOUTHERN SECURITY FEDERAL CREDIT UNION TO DEBTOR'S
MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY
AND DISCHARGE INJUNCTION

COMES NOW your creditor, Southern Security Federal Credit Union, and responds to the debtor's Motion for Sanctions for Willful Violation of the Automatic Stay and Discharge Injunction as follows:

1. The creditor denies the allegations contained within Paragraph 1 of the Debtor's Motion and states that the Debtor filed for relief under Chapter 7 of the Bankruptcy Code on November 16, 2017.

2. The creditor admits the allegations contained within Paragraph 2 of the Debtor's Motion.

3. The creditor admits the allegations contained within Paragraph 3 of the Debtor's Motion.

4. The creditor admits that correspondences were sent to the creditor and to counsel for the creditor. Further, the creditor avers that the letters attached to Debtor's Motion speak for themselves.

5. The creditor admits that the Debtor's bankruptcy was filed in November 2017 and that a discharge was obtained in March of 2018. The creditor avers that the creditor was not

intentionally, willfully or maliciously attempting to collect the Debtor's account. The creditor avers that the account was improperly coded within its system and that the account was mistakenly directed to Universal Collection Systems. The creditor avers that upon being notified of this mistake, it immediately took steps to correct the mistake and directed Universal Collection Systems to cease any further action on November 2, 2018.

6. The creditor avers that any correspondence sent by Universal Collection Systems speak for themselves.

7. The Creditor avers that it has sent multiple corrections to E-Oscar to correct the credit reporting on the Debtor's credit report and has taken all steps that it is required to by law. The Creditor has not seen a copy of the Debtor's credit report and has not been provided the same and therefore denies the allegations contained within Paragraph 7 of the Debtor's Motion.

8. The creditor avers that at the time of the filing of the bankruptcy, the Debtor was current on his accounts with the creditor.

9. The creditor admits that it refused to allow the Debtor to simply reaffirm on his Vehicle with the creditor. The creditor is a federally licensed credit union. All loans that were obtained by the Debtor from the creditor were cross collateralized with each other and also secured by shares in the Debtor's share draft account. In order to remain a member in good standing, the Debtor must reaffirm all debts with the credit union. The creditor cannot admit or deny the allegations contained within Paragraph 8 of the Debtor's Motion regarding the Debtor's attempts to purchase a new vehicle and demands strict proof thereof.

10. The creditor cannot admit or deny the allegations contained within Paragraph 9 of the Debtor's Motion and demand strict proof thereof.

11. The creditor has taken all steps it can take and is required to take to correct the credit reporting as requested by the Debtor. The creditor has made no willful or active attempts to collect the balances due and owing by the Debtor. Additionally, the creditor has made no negative reporting to any credit reporting agency regarding the Debtor's accounts.

12. The creditor denies the allegations contained within Paragraph 12 of the Debtor's Motion and demand strict proof thereof.

13. The creditor denies the allegations contained within Paragraph 13 of the Debtor's Motion and demands strict proof thereof.

14. The creditor states that when notified it has immediately taken all steps to correct any reporting on the Debtor's credit report. A copy of the updates that the Creditor has filed with E-Oscar are attached hereto as Exhibit "A".

15. The creditor states that any reporting done by the creditor after the filing of the bankruptcy was by mistake and upon being notified has immediately corrected any and all deficiencies in the reporting.

16. Further, the creditor states that it is not reporting any delinquency to the credit bureau and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, the creditor requests that the Debtor's Motion be denied.

17. STONE, HIGGS & DREXLER

/s/ Brittan Webb Robinson
BRITTAN WEBB ROBINSON (103065)
DAVID E. DREXLER
bankruptcy@stonehiggsdrexler.com
Attorneys for Creditor
150 Court Avenue
Memphis, Tennessee 38103
(901) 528-1111

BWR/ 17-06657-0

## **CERTIFICATE OF SERVICE**

**The following individuals were served the above pleading on January 9, 2019:**

**DEBTOR,** Eric James Lovell, 1634 Martha Drive, Grenada, Mississippi 38901

**DEBTOR ATTORNEY,** A.E. Rusty Harlow, Jr., Attorney at Law – via ECF

**TRUSTEE,** Selene D. Maddox – via ECF

**US TRUSTEE,** via ECF

                                                /s/ Brittan Webb Robinson